UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| DOROTHY MCKINNEY, | ) |
| Plaintiff, | ) Civil No. 3:23-cv-00005-GFVT-EBA |
| v. | ) **MEMORANDUM OPINION** |
| DOLLAR GENERAL CORPORATION, | ) **&** |
| Defendant. | ) **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff McKinney slipped on rainwater in the entrance of a Dollar General. Because Dollar General warned her of the hazard through readily apparent "Caution: Wet Floor" signs, its Motion for Summary Judgment **[R. 12]** is **GRANTED**.

**I**

In 2022, Dorothy McKinney braved a spring drizzle to pick up some essentials at her local Dollar General. [R. 11-1 at 9.] When she arrived, rainwater had accumulated in the store's entryway.[1] [R. 12-1 at 2.] Apparently, the water was being tracked in by other shoppers and blown in by the wind. [R. 11-1 at 45–47.] Dollar General placed two "Caution: Wet Floor" signs in the doorway to warn entrants. *Id.* Surveillance photographs additionally reveal an absorbent mat outside the entrance.[2] *Id.*

---

[1] Initially, Ms. McKinney testified that someone told her the water was coming from a leak in the ceiling. [R. 11-1 at 10, 37.] Then, she said no one told her the ceiling was leaking. *Id.* She agreed that the accumulation in the doorway might have been from rainwater, instead. *Id.* Plaintiff does not assert a ceiling leak in her response brief. [R. 13.] Without any evidence of a ceiling leak, the Court finds that the water was most likely blowing in or being tracked in by incoming shoppers.
[2] Because Ms. McKinney entered the store at an angle, she did not traverse the mat. *Id.*

Plaintiff McKinney knew the entrance could be wet from the rain. [R. 11-1 at 12.] But McKinney, who was wearing flip-flops, did not look down at the floor or shorten her stride as she entered the Dollar General. *Id.* at 10, 12. Moreover, she states that she did not see the "Caution: Wet Floor" signs. *Id.* at 12. She slipped, fell, and was injured. *Id.* at 11–15. After a store employee called an ambulance, McKinney was taken to the University of Louisville Hospital and treated for serious injuries. *Id.* at 14–15.






**II**

Now, Dollar General urges summary judgment because (1) the water was "open and obvious"; and (2) it fulfilled its duty of care. [R. 12-1.] The Court agrees with Dollar General that it satisfied its duty. Accordingly, the Court need not determine whether the water was open and obvious.

2

**A**

Under Rule 56, summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). A fact's materiality is determined by the substantive law, and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Summary judgment is inappropriate where there is a genuine conflict "in the evidence, with affirmative support on both sides, and where the question is which witness to believe." *Dawson v. Dorman*, 528 F. App'x 450, 452 (6th Cir. 2013). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Morales v. Am. Honda Motor Co.*, 71 F.3d 531, 535 (6th Cir. 1995) (quoting *Liberty Lobby*, 477 U.S. at 255).

**B**

Because there is no genuine dispute of material fact, the Court will grant the Defendant's Motion.

**1**

Typically, a landowner shoulders an affirmative duty to either eliminate or warn of unreasonable risks to invitees. *See Ky. River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 388 (Ky. 2010); *see also Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) ("A federal court sitting in diversity applies the substantive law of the state in which it sits."). While "an open-and-obvious condition does not eliminate [that] duty[,]" it "is a 'circumstance' to be factored under the standard of care." *Shelton v. Ky. Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 911 (Ky. 2013); *see also id.* at 907 ("[E]ven where the condition is open and obvious, a

3

landowner's duty to maintain property in a reasonably safe condition is not obviated[.]") (internal citation omitted).

Courts assessing "premises liability cases involving injuries to business invitees" use "a burden-shifting approach[.]" *Martin v. Mekanhart Corp.*, 113 S.W.3d 95, 98 (Ky. 2003); *see generally Lanier v. Wal–Mart Stores, Inc.*, 99 S.W.3d 431 (Ky. 2003). Under the burden-shifting framework, a plaintiff must initially show that:

> (1) [] she had an encounter with a foreign substance or other dangerous condition on the business premises; (2) the encounter was a substantial factor in causing the accident and [her] injuries; and (3) by reason of the presence of the substance or condition, the business premises were not in a reasonably safe condition for the use of business invitees.

*Martin*, 113 S.W.3d at 98. "Such proof creates a rebuttable presumption sufficient to avoid a summary judgment or directed verdict and 'shifts the burden of proving the absence of negligence, *i.e.*, the exercise of reasonable care, to the party who invited the injured customer to its business premises.'" *Id.* (quoting *Lanier*, 99 S.W.3d at 437).

**2**

Here, Ms. McKinney has not shown that the premises were unsafe. Dollar General placed two readily apparent "Caution: Wet Floor" signs in the entryway. Surveillance photographs reveal that one of the "Caution: Wet Floor" signs sat squarely in Plaintiff McKinney's path as she entered the store. *Cf. Holbrook v. Dollar Gen. Store Corp.*, No. 2012-CA-001794-MR, 2014 WL 4049891, at *4, *11 (Ky. Ct. App. Aug. 15, 2014) (affirming damages award when, during a rainstorm, Dollar General neglected to mop or place wet floor signs). Indeed, Plaintiff was mere inches from the sign when she slipped. Hence, reasonable entrants in Plaintiff's position would have apprehended the warning. *See* 65A C.J.S. *Negligence* § 680 (2024) ("An invitee on business premises is required to use . . . that degree of care and prudence

4

which a person of ordinary intelligence would exercise under the same or similar circumstance. This duty of care includes a duty to look and see what is around the invitee[.]"); *Dick's Sporting Goods, Inc. v. Webb*, 413 S.W.3d 891, 900 (Ky. 2013), *as corrected* (Nov. 25, 2013) ("[An invitee] may not walk blindly, irrespective of obvious danger.") (internal citation omitted).

Plaintiff McKinney resists this conclusion, suggesting that Dollar General was obligated to deploy a mop or lay additional mats. [R. 13 at 7–8.] That argument does not hold water. First, "[i]t is not the duty of persons in control of buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas." *Kohler v. Kohl's Dep't Stores, Inc.*, No. 1:18CV468, 2020 WL 6319171, at *5 (N.D. Ohio Sept. 8, 2020) (internal citation omitted). Second, "the duty owed by the premises owner to an invitee is a general duty to exercise ordinary care to keep the premises in a reasonably safe condition and to warn invitees of dangers that are latent, unknown, or not obvious." *West v. KKI, LLC*, 300 S.W.3d 184, 191 (Ky. Ct. App. 2008). Here, even assuming the water was an unknown danger, Dollar General issued an appropriate warning. And Ms. McKinney already knew the floor might be wet from the rain. *See Rice v. Heritage Enters., Inc.*, No. 2020-CA-1625-MR, 2021 WL 4228843, at *4 (Ky. Ct. App. Sept. 17, 2021) (no breach of duty when defendant placed wet floor signs and plaintiff knew the floor was wet because he "observed an employee actively mopping").

Indeed, removing the water entirely may not have been feasible. During the incident it was sprinkling; and rain had been falling throughout the day. Apparently, water was being blown or tracked in every time the automatic doors opened. Given that state of affairs, it is unclear how Dollar General could have eliminated the risk wholesale (short of shutting down the store). *See Bridgford v. Stewart Dry Goods Co.*, 231 S.W. 22, 23 (1921) ("[T]he mere fact the floor was

5

moist or damp did not render it so dangerous as to require of defendant . . . that it should place barricades across the entrance [] and prevent its use altogether until the floor was entirely dried out."); *see also Rice*, 2021 WL 4228843, at *4 n.8 (commenting that although "the landscape of premises liability has changed much since *Bridgford* was published[,]" "its common-sense analysis . . . should not be completely discarded").

Had the "Caution: Wet Floor" signs been absent, hard to see, or inappropriately placed, summary judgment would be improper. But here, they were none of those things. Because Dollar General fulfilled its obligation to maintain reasonably safe premises, there can be no liability. *See Beck v. Stewart's Shops Corp.*, 66 N.Y.S.3d 79, 82 (N.Y. App. Div. 2017) (premises not unreasonably dangerous when defendant deployed mats and wet floor signs and "could not 'prevent some water and mud from being brought into [the store]' given the inclement weather"); *Rice*, 2021 WL 4228843, at *4 (invitee's independent knowledge of a potential wet floor foreclosed liability when defendant also warned invitee of the hazard); *Cf. Webb*, 413 S.W.3d at 900 (summary judgment inappropriate when defendant failed to warn of imperceptible water in its entryway).

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby ordered as follows:

1. Defendant's Motion for Summary Judgment **[R. 12]** is **GRANTED;**

2. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3. A Judgment will be entered contemporaneously herewith.

This the 12th day of June, 2024.



Gregory F. Van Tatenhove
United States District Judge