UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| DOROTHY MCKINNEY,      ) | |
| ) | |
| Plaintiff,      ) | Civil No. 3:23-cv-00005-GFVT-EBA |
| ) | |
| v.      ) | |
| ) | **MEMORANDUM OPINION** |
| DOLLAR GENERAL CORPORATION,      ) | **&** |
| ) | **ORDER** |
| Defendant.      ) | |
| ) | |

***   ***   ***   ***

Ms. McKinney slipped and fell in the entrance to a Dollar General. Then, she sued for negligence. Disappointed with an adverse summary judgment ruling, Ms. McKinney now moves to alter the Court's Judgment. On her view, "newly discovered evidence" and errors of law and fact command reconsideration. Because Ms. McKinney's "new" evidence could have been raised in the first instance, and because she fails to establish an error in the Court's reasoning, Ms. McKinney's Motion to Alter Judgment **[R. 19]** is **DENIED**.

**I**

In 2022, Dorothy McKinney braved a spring drizzle to pick up some essentials at her local Dollar General.[1] [R. 11-1 at 9.] When she arrived, rainwater had accumulated in the store's entryway. [R. 12-1 at 2.] Apparently, the water was being tracked in by other shoppers and blown in by the wind. [R. 11-1 at 45–47.] Dollar General placed two "Caution: Wet Floor"

---

[1] For the sake of clarity and judicial economy, the facts recounted here are taken from the Court's prior summary judgment Order at R. 17.

signs in the doorway to warn entrants.  *Id.*  Surveillance photographs additionally reveal an absorbent mat outside the entrance.  *Id.*

Plaintiff McKinney knew the entrance could be wet from the rain.  [R. 11-1 at 12.]  But McKinney, who was wearing flip-flops, did not look down at the floor or shorten her stride as she entered the Dollar General.  *Id.* at 10, 12.  Moreover, she states that she did not see the "Caution: Wet Floor" signs.  *Id.* at 12.  She slipped, fell, and was injured.  *Id.* at 11–15.  After a store employee called an ambulance, McKinney was taken to the University of Louisville Hospital and treated for serious injuries.  *Id.* at 14–15.  On summary judgment review, the Court was provided with Ms. McKinney's deposition testimony, as well as still images from Dollar General's security cameras on the day of the incident.  [R. 11; R. 12.]  Because no genuine dispute of material fact existed, the Court granted summary judgment for Dollar General and dismissed Ms. McKinney's lawsuit.  [R. 17.]

## II

Federal Rule of Civil Procedure Rule 59(e) allows a litigant to file a motion to alter or amend a judgment of a district court where there has been a clear error of law, newly discovered evidence, an intervening change in the law, or to prevent manifest injustice.  *See, e.g.*, *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  "While the Sixth Circuit has not ruled on the exact definition of 'clear error,' it has made clear that it is an exacting standard and that a successful Rule 59(e) motion must 'clearly establish a manifest error of law.'"  *Sapp v. W. Exp., Inc.*, No. 3:13-CV-0512, 2015 WL 1549271, at *2 (M.D. Tenn. Apr. 8, 2015) (internal citation omitted).  A "'manifest error' is not demonstrated by the disappointment of the losing party.  It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"  *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citation

2

omitted); *see also Dorger v. Allstate Ins. Co.*, No. CIV.A. 2:08-56-DCR, 2009 WL 2136268, at *2 (E.D. Ky. July 16, 2009) ("[F]or [a movant] to prevail on her Rule 59(e) motion based on 'manifest error of law' she must not only establish that errors were made, but that these errors were so egregious that an appellate court could not affirm the judgment."). Whether to grant or deny a Rule 59(e) motion is generally a matter within the district court's sound discretion. *See Engler*, 146 F.3d at 374. Crucially, a motion under Rule 59(e) is "not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## A

First, Ms. McKinney asserts that the Court erred when it cited the Defendant's placement of "Caution: Wet Floor" signs in support of its conclusion that McKinney did not establish unsafe premises. [R. 19 at 2.] In particular, she rehashes her prior argument that an open and obvious condition does not vitiate a landowner's duty to maintain reasonably safe premises. *Id. See Shelton v. Ky. Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 907 (Ky. 2013) ("[E]ven where the condition is open and obvious, a landowner's duty to maintain property in a reasonably safe condition is not obviated[.]") (internal citation omitted). In its summary judgment Order, the Court followed *Shelton* to the best of its ability. *See* [R. 17 at 3–6.] Accordingly, McKinney's argument is inappropriate on 59(e) review and the Court will reject it.

## B

Next, McKinney states that the Court misinterpreted precedent when it found that Dollar General fulfilled its obligation to maintain reasonably safe premises. [R. 19 at 3.] She asserts that the Court failed to appreciate the conjunctive nature of the requirement that "the duty owed by the premises owner to an invitee is a general duty to exercise ordinary care to keep the

3

premises in a reasonably safe condition and to warn invitees of dangers that are latent, unknown, or not obvious." *West v. KKI, LLC*, 300 S.W.3d 184, 191 (Ky. Ct. App. 2008). She asserts that the Court erroneously conflated these two requirements when it cited the readily apparent "Caution: Wet Floor" signs in support of its grant of summary judgment. However, the Court explained the rule's conjunctive nature in its Opinion. In applying the rule, the Court found that Dollar General fulfilled its obligation to maintain reasonably safe premises when it placed a mat and readily apparent "Caution: Wet Floor" signs in the doorway. *See Rice v. Heritage Enters., Inc.*, No. 2020-CA-1625-MR, 2021 WL 4228843, at *4 (Ky. Ct. App. Sept. 17, 2021) (no breach of duty when defendant placed wet floor signs and plaintiff knew the floor was wet because he "observed an employee actively mopping"). The Court further reasoned that, "*even assuming the water was an unknown danger*, Dollar General issued an appropriate warning." [R. 17 at 5] (emphasis added). Again, Ms. McKinney fails to point to an error justifying reconsideration.

## C

Next, McKinney asserts that this Court's conclusion was corrupted by its "improper[]" citation to an unreported case from the Northern District of Ohio. [R. 19 at 4.] Based on this singular citation to non-binding authority, McKinney concludes that this Court mistakenly applied Ohio negligence law instead of Kentucky negligence law. *Id.* As evidenced by the Court's extensive analysis of Kentucky precedent, that is not accurate. McKinney is correct that the Court cited non-binding authority from another jurisdiction. However, Courts frequently cite persuasive authority, particularly when there is no binding authority directly on point. Chad Flanders, *Toward a Theory of Persuasive Authority*, 62 Okla. L. Rev. 55, 62 (2009) ("[P]ersuasive authority is any authority which is not binding on courts."); *Floyd v. Parkview Council of Co-Owners, Inc.*, 664 S.W.3d 726, 729 n.1 (Ky. Ct. App. 2023) ("Where no

controlling Kentucky case law is found, we may cite foreign case law as persuasive."); *Keene Grp., Inc. v. City of Cincinnati*, 998 F.3d 306, 315 (6th Cir. 2021) ("As with unpublished decisions, out-of-circuit cases are not binding, but may be considered."). Such a citation is not a basis to overturn a prior ruling.

**D**

Ms. McKinney additionally asserts that the Court improperly "speculate[d]" as to facts not in the record. [R. 19 at 5.] In support of this conclusion, she cites the Court's statements that "removing the water entirely may not have been feasible" and "apparently, water was being blown or tracked in every time the automatic doors opened." [R. 17 at 5.] On her view, the terms "apparently" and "may not" suggest that genuine issues of fact exist. This argument, while creative, is unavailing. The surveillance photographs in the record provide an uncontested visual account of what occurred. The Court's comment about the feasibility of wholesale water removal served only to make the point that the existence of rainwater in a store's entryway does not necessarily make a successful negligence case. *See Bridgford v. Stewart Dry Goods Co.*, 231 S.W. 22, 23 (Ky. 1921) ("[T]he mere fact the floor was moist or damp did not render it so dangerous as to require of defendant . . . that it should place barricades across the entrance [] and prevent its use altogether until the floor was entirely dried out."). A contrary rule would result in absurdity: businesses would be forced to close any time it rains because the inevitability of some errant water in the doorway would be too risky to tolerate.

**E**

Finally, McKinney provides new evidence in the form of a deposition transcript. [R. 20.] She does not explain why she could not have provided the Court with this deposition transcript when the Court was considering the initial motion for summary judgment. Instead, she appears

5

to fault the Court for "issu[ing] its Opinion based on briefs filed when the only deposition that had been conducted was that of the Plaintiff's." [R. 19 at 5.]   However, review of the newly provided deposition transcript reveals that it was taken several months before the Court issued its Opinion.  Without any explanation for the failure to provide the deposition evidence during the briefing period (or to move for leave to file the deposition testimony after the briefing period closed), the Court will not consider this new evidence on Rule 59(e) review.  *See GenCorp, Inc.*, 178 F.3d at 834 ("To constitute "newly discovered evidence," the evidence must have been previously unavailable."); *Javetz v. Bd. of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (W.D. Mich. 1995) (collecting cases) ("Yet, evidence is 'unavailable,' so as to justify its late submission by way of a motion under Rule 59(e), only if it could not, in the exercise of reasonable diligence, have been submitted before.").  Certainly, Ms. McKinney could (and should) have provided that deposition evidence in response to the Defendant's Motion for Summary Judgment.  Since she didn't, it cannot now serve as a basis for relief from the Court's Judgment.

### III

A Rule 59(e) motion is not an opportunity to re-litigate an issue or provide evidence that could have been provided initially.  *Engler*, 146 F.3d at 374.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Ms. McKinney's Motion to Alter Judgement **[R. 19]** is **DENIED.**

This the 10th day of February, 2025.

6

Gregory F. Van Tatenhove
United States District Judge